

FILED
SEP 29 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of Ash Equipment Co., Inc., and ASH EQUIPMENT CO., INC., a Maryland corporation, d/b/a American Hydro, | * * * * * * * | CIV 14-4131 |
| Plaintiffs, | * * | |
| vs. | * * | MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS |
| MORRIS, INC., a South Dakota corporation; UNITED FIRE AND CASUALTY COMPANY, an Iowa corporation; and RED WILK CONSTRUCTION, INC., a South Dakota corporation, | * * * * * * | COUNTERCLAIM |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On August 22, 2014, Plaintiffs filed a three-count complaint against Defendants alleging: (1) breach of contract; (2) quantum meruit, and; (3) failure to pay under the Miller Act. (Doc. 1.) On October 2, 2014, Defendant Red Wilk Construction, Inc. (Red Wilk) filed an answer and a counterclaim against Plaintiff, American Hydro, for breach of contract. (Doc. 14.) Red Wilk includes requests for relief in the form of damages, liquidated damages and equitable relief. A supplemental complaint was filed by Plaintiffs which contains additional facts, but the counts remain the same. (Doc. 32.)

On October 16, 2014, American Hydro moved to dismiss Red Wilk's counterclaim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 21.) The motion has been fully briefed. For the following reasons, the motion to dismiss the counterclaim will be denied in part and granted in part.

## BACKGROUND

Plaintiff American Hydro is a national hydrodemolition contractor. On April 9, 2014, Defendant Red Wilk contracted with American Hydro to provide the labor, equipment and other facilities for concrete removal by hydrodemolition at the Fort Randall dam in Pickstown, South Dakota.

The general contractor for the project at the Fort Randall dam is Defendant Morris, a South Dakota corporation with its principal place of business in Pierre, South Dakota. On September 17, 2013, Morris entered into the Prime Contract for the Fort Randall dam project with the United States Army Corps of Engineers (USACE). Morris obtained a Miller Act payment bond on September 18, 2013, from Defendant United Fire and Casualty Co. in the amount of $7,472,670.25 as required by USACE. On October 8, 2013, Morris contracted with Red Wilk to complete certain work, including the concrete removal using hydrodemolition methods as required by USACE in its project plans and specifications. As indicated above, Red Wilk then subcontracted with American Hydro to perform the hydrodemolition work.

American Hydro began the concrete hydrodemolition work in May, 2014, about a month after entering into the contract with Red Wilk. American Hydro removed its equipment and labor forces from the work site as of August 25, 2014. American Hydro alleges it has been paid for some but not all of the work it provided. Red Wilk contends that American Hydro failed to perform some work in accordance with the contract specifications and failed to complete other work required by the contract. Red Wilk asserts that any amounts allegedly owed to American Hydro above and beyond what has been paid are completely offset because Red Wilk had to hire others to correct or complete the hydrodemolition work on the project. Both parties seek damages for the other's breach of the contract in an amount to be proven at trial. Red Wilk also requests liquidated damages and equitable relief.

## DISCUSSION

Standard of Review

When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint or counterclaim, and review the pleading to determine whether its allegations show the pleader is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed.R.Civ.P. 8(a)(2). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the pleading. A complaint or counterclaim must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While the counterclaim need not provide specific facts in support of the claims contained therein, it must give the defendant fair notice of the claims and the grounds on which the claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). This obligation requires a counterclaimant to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The Eighth Circuit elaborated on the standard enunciated in *Twombly* when addressing a motion to dismiss under Rule 12(b)(6):

> After *Twombly*, we have said that a plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right. While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (internal citations and quotations omitted).

Rule 12(b)(6) allows the Court to examine documents incorporated into the counterclaim by reference, such as the contract in this case. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

3

U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss.").

Breach of Contract

American Hydro moves under Rule 12(b)(6) to dismiss Red Wilk's breach of contract counterclaim for failure to state a claim upon which relief can be granted. It asserts that Red Wilk's breach of contract counterclaim fails because damages are not pleaded with sufficient specificity.[1] Red Wilk notes that American Hydro filed the lawsuit before the project was complete and asserts that it could not ascertain the full extent and dollar amount of its damages because the project is ongoing and American Hydro abandoned the project. Red Wilk contends that it has sufficiently pleaded the damages arising from the breach of contract claim by identifying in its counterclaim particular categories of costs that it has incurred or will incur due to American Hydro's alleged breach of the contract.

Red Wilk is not obligated at the pleading stage to produce evidence of direct pecuniary loss; it need only plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Red Wilk has not merely requested damages, it has also pleaded "factual content that allows the court to draw the reasonable inference that the [counterdefendant] is liable for the misconduct alleged." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009). Assuming the truth of the well-pleaded factual allegations, as the Court must, it may be reasonably inferred that American

---

[1] The contract does not contain a choice of law provision but both parties apply South Dakota law in their briefing. To establish a breach of contract under South Dakota law, Red Wilk must prove: 1) the existence of an enforceable promise; 2) that American Hydro breached the contract; and 3) that Red Wilk suffered damages as a result of the breach. *See, e.g., McKie v. Huntley*, 620 N.W.2d 599, 603 (S.D. 2000). Because the first two elements do not appear to be in dispute for purposes of American Hydro's pending Rule 12(b)(6) motion to dismiss Red Wilk's breach of contract counterclaim, the Court will limit its analysis to determining the sufficiency of the damages pleaded.

4

Hydro's failure to complete the work could have plausibly caused the economic losses alleged in paragraph 16 of the counterclaim. The Court therefore concludes that Red Wilk has pleaded sufficient facts to state a plausible claim that it was economically damaged as a direct result of American Hydro's alleged breach of the contract. Accordingly, the Court will deny American Hydro's motion to dismiss the breach of contract counterclaim.

Liquidated Damages

American Hydro asks the Court to find as a matter of law that the liquidated damages provision in the contract is invalid as an unenforceable penalty.[2] Red Wilk again emphasizes that American Hydro filed this lawsuit before the project was complete and asserts that it could not ascertain the full extent and dollar amount of its damages before filing its counterclaim because the project is ongoing and American Hydro abandoned the project, so Red Wilk is relying on the liquidated damages clause as a measure of damages, at least for now.

Generally, "when contracting parties specifically provide for a resolution in the event that contract conditions are not met, then [the court] must defer to their agreement." *FB & I Bldg. Products, Inc. v. Superior Truss & Components, a Div. of Banks Lumber, Inc.*, 727 N.W.2d 474, 479 (S.D. 2007). Under South Dakota law, if damages for the prospective breach of a contract are difficult to measure and the stipulated damages are a reasonable estimate of actual damages, then such a provision is valid and enforceable as liquidated damages; otherwise it is void as a penalty. *Safari, Inc. v. Verdoorn*, 446 N.W.2d 44, 46 (S.D. 1989). Whether a contractual provision is an enforceable liquidated damages provision or an unenforceable penalty is a question of law. *Id.* However, sometimes factual issues must be resolved before the legal question can be decided. *See, e.g., Safari*, 446 N.W. 2d at 46.

---

[2]Red Wilk notes that the language is difficult to read in the copy of the contract filed by American Hydro, but states that section 9.7 of the contract sets liquidated damages at, "$3,500.00 per Day for the first 10 days - $10,000.00/day for each day after initial 10 days…" (Doc. 25, Red Wilk's Brief, at p. 13.) In its Reply Brief, American Hydro does not dispute Red Wilk's representation of the language of the liquidated damages provision.

5

A liquidated damages clause is enforceable if the court finds that: "(1) damages in the event of breach are incapable or very difficult of accurate estimation at the time the contract was made; (2) there was a reasonable attempt by the parties to fix compensation; and (3) the amount stipulated bears a reasonable relation to probable damages and is not disproportionate to any damages reasonably to be anticipated." *Safari*, 446 N.W.2d at 46 (citations omitted). These factors must be determined from evidence of the circumstances which existed at the time the parties executed the agreement. *See id.* at 48 (Sabers, J., dissenting)("The reasonableness of the liquidated damage provision must be reviewed at the time of contracting not after default or breach.").

Presently, the Court has only the pleadings and the terms of the contract, which do not show the circumstances at the time the contract was executed. The Court does not know how the contract was negotiated, what the parties' intentions were when they agreed to and included the liquidated damages provision, the difficulties in assessing damages at the time of the contract's formation, or the actual damages sustained and why the liquidated damages provision might amount to a penalty. This Court's determination concerning whether the liquidated damages clause will apply in this case requires consideration and weighing of evidence outside the record, which is improper on a motion to dismiss under Rule 12(b)(6). Whether the liquidated damages provision is reasonable cannot be decided at this juncture, and the Court will not dismiss Red Wilk's request for liquidated damages at this time.

Equitable Relief

Red Wilk asserts that American Hydro has been unjustly enriched by collecting money for work that it refused to complete under the contract. (Doc. 14, ¶ 22.) American Hydro argues that the unjust enrichment claim should be dismissed pursuant to Rule 12(b)(6) because Red Wilk's claims are completely encompassed by the written contract between the partes. *See Johnson v. Larson*, 779 N.W.2d 412, 416 ("[T]he equitable remedy of unjust enrichment is unwarranted when the rights of the parties are controlled by an express contract."). Here, an express contract exists which governs the obligations and rights of the parties. The validity of the contract is not disputed.

In fact, both parties seek to enforce the contract.³ Because a valid contract exists that governs the issues between American Hydro and Red Wilk in this case, South Dakota law precludes Red Wilk from bringing an unjust enrichment claim and the Court will grant American Hydro's motion to dismiss this claim. *See Johnson*, 779 N.W.2d at 416; *see also Surgical Inst. of SD, P.C. v. Sorrell*, 816 N.W.2d 133, 140-41 (S.D. 2012) (affirming trial court's conclusion that contract and its amendments "occupied the field," precluding an unjust enrichment claim). The dismissal will be without prejudice to Red Wilk's right to move to amend and file a counterclaim for unjust enrichment with more specific allegations if, during the course of construction, a claim for such relief arises outside the confines of the contract between Red Wilk and American Hydro. Accordingly,

IT IS ORDERED:

1. That American Hydro's motion to dismiss pursuant to Rule 12(b)(6), doc. 21, is granted without prejudice as to Red Wilk's claim for unjust enrichment; and

2. That American Hydro's motion to dismiss, doc. 21, is denied as to the remaining claims.

Dated this 29th day of September, 2015.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY

---

³As discussed above, the one exception is that American Hydro contests the validity of the liquidated damages clause in the contract.