UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF ASH EQUIPMENT CO., INC. D/B/A AMERICAN HYDRO; AND  ASH EQUIPMENT CO., INC., A MARYLAND CORPORATION; <br><br> Plaintiffs, <br><br><br> vs. <br><br> MORRIS, INC., A SOUTH DAKOTA CORPORATION;  UNITED FIRE AND CASUALTY COMPANY, AN IOWA CORPORATION; AND  RED WILK CONSTRUCTION, INC., A SOUTH DAKOTA CORPORATION; <br><br> Defendants. | 4:14-CV-04131-LLP <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL MORRIS, INC. <br><br> DOCKET NO. 95 |

**INTRODUCTION**

This is a Miller Act action (40 U.S.C. § 3133(b)(3)(B)), brought by the United States of America for the use and benefit of Ash Equipment Company, Inc., doing business as American Hydro ("Hydro").  Defendants are Morris, Inc. ("Morris), United Fire and Casualty Company ("UF&CC), and Red Wilk Construction, Inc. (Red Wilk).  Pending before the court is a motion filed by Hydro to compel Morris to provide certain discovery.  See Docket No. 95.  The

presiding district judge, the Honorable Lawrence L. Piersol, referred this motion

to this magistrate judge for a decision.  See Docket No. 98.

## FACTS

Defendant Morris contracted with the United States Army Corps of

Engineers ("the Corps") to do work on the Fort Randall Dam spillway at

Pickstown, South Dakota.  Morris obtained a Miller Act payment bond on the

project from defendant UF&CC in the amount of $7,472,670.25.  The payment

bond obligated Morris and UF&CC jointly and severally to guarantee payment

to any subcontractor of Morris' who furnished labor and materials on the

project as well as to persons who had a direct contractual relationship with

Morris on the project.

Part of the project required concrete removal using hydrodemolition

methods as required by the Corps in its project plans and specifications.

Morris subcontracted this work to Red Wilk, who in turn subcontracted with

Hydro.  Red Wilk promised to pay Hydro for Hydro's work on the project within

10 working days after Morris paid Red Wilk on monthly progress payments.

Hydro brought suit after Red Wilk allegedly failed to pay for certain claims

made by Hydro for completed work on the project.  Hydro gave notice to Morris

that it had not been paid.  Hydro's first notice to Morris claims amounts

unpaid of $520,135.00; its supplemental notice claimed unpaid amounts of

$1,168,018.49.  In its complaint, Hydro asserts a breach of contract claim

against Red Wilk, an equitable claim in *quantum meruit* against Morris, and

claim against the UF&CC bond.

2

Morris responded to this lawsuit by filing a crossclaim for indemnity against Red Wilk, asserting that Red Wilk must indemnify Morris for any monies Morris must pay to Hydro.  Red Wilk asserted a compulsory counterclaim against Hydro, asserting that the prime contract was part and parcel of the contract between Red Wilk and Hydro.  Red Wilk further asserted that Hydro did defective and/or incomplete work pursuant to its contract with Red Wilk.

Pursuant to FED. R. CIV. P. 36, Hydro served Morris with requests for admission on April 30, 2016.  See Docket No. 95.  On June 3, 2016, Morris objected to those requests as allegedly untimely under the district court's scheduling order.  See Docket No. 105 at p. 6.    The instant motion was filed, which Morris resists.  See Docket No. 105.

## DISCUSSION

### A.    Meet and Confer Requirement

Before a party may make a motion to compel another party to make discovery or disclosure, the movant must certify that they have in good faith conferred or attempted to confer with the opposing party from whom the discovery or disclosure is sought in an attempt to resolve the disagreement without court intervention.  See FED. R. CIV. P. 37(a)(1).  Hydro alleges that it has complied with this requirement.  Morris does not dispute this precondition. The court, then, turns to the merits.

**B.     Hydro's Motion to Compel**

At the time Hydro served Morris with its requests to admit, the district court had established May 31, 2016, as the deadline for discovery.  See Docket No. 59.  The court's order directed that "all fact discovery shall be commenced in time to be completed by May 31, 2016."  Id. at p. 2, ¶ 3.  Subsequently, on July 11, 2016, the district court—at the parties' stipulation—extended the deadline to finish expert discovery to September 15, 2016.  See Docket No. 99. In their stipulation, the parties also agreed that certain regular discovery could take place outside the May 31, 2016, discovery.  See Docket No. 92.  This court also extended the discovery deadline to September 2, 2016, in connection with an order granting a motion to compel as to certain matters.  See Docket No. 107.  Trial in this matter is not scheduled to commence until July 25, 2017, nearly one year from now.  See Docket No. 99.

Hydro's discovery requests consist of 42 discrete requests to admit.  See Docket No. 97-1.  Twelve of these requests are simply of an evidentiary foundational nature:  they request Morris to admit that each exhibit labeled A through L, inclusive, is an authentic and genuine copy of the document it purports to be.  Id.  The other 30 requests are substantive requests about the content or creation of the 12 exhibits.  Id.

Morris' timeliness objection to these requests is based on the following assessment:  Rule 36 allows 30 days to respond to requests for admission, but the court may order a shorter or longer time for responding.  See FED. R. CIV. P. 36(a)(3).  Morris claims Hydro served these requests late because, although 30

4

days from April 30, 2016, is May 30, 2016, and, therefore, within the district court's scheduling order, Morris argues three additional days must be added for mailing pursuant to FED. R. CIV. P. 5(b)(2)(C) and 6(d).  Furthermore, because May 30, 2016, was a federal holiday (Memorial Day), Morris argues that the three days are added onto May 31, not May 30, thus making the responses due June 4.  This is three days after the district court's scheduling order and, therefore, Morris argues the requests were not timely served and it need not respond to them.

This case has been marred by a plethora of discovery disputes.  No one party is solely responsible for the petty disputes that have arisen, but there have been more such disputes than should be necessary.  Morris does not establish that it would suffer any prejudice from having to respond to these discovery requests.  The discovery deadline was already punctured almost to the point of permeability by the parties' stipulations concerning discovery and this court's own order extending discovery.  Hydro is asking the court to forgive the tardiness, if any, of its service of these requests.  Morris' responses to the requests will serve to narrow the issues for trial and to make the introduction of evidence at trial more streamlined.  Finally, the court has the discretion to order Morris to respond to the requests in a shorter or longer time than allowed by Rule 36.  The court so orders.

## CONCLUSION AND ORDER

Good cause appearing, it is hereby

5

ORDERED that plaintiff's motion to compel against defendant Morris Construction, Inc. [Docket No. 95] is granted in its entirety.  Given that Morris had the full 30 days to respond initially, and then has had the entirety of this summer to consider its responses while the motion to compel was pending, the court orders Morris to provide responses to Hydro's requests to admit no later than close of business on Friday, September 9, 2016.  Morris may serve its responses electronically for purposes of meeting this deadline and follow up with hard copies within 5 business days thereafter.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED September 6, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

6