UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF ASH EQUIPMENT CO., INC. D/B/A AMERICAN HYDRO; AND ASH EQUIPMENT CO., INC., A MARYLAND CORPORATION;<br><br>Plaintiffs,<br><br>vs.<br><br>MORRIS, INC., A SOUTH DAKOTA CORPORATION; UNITED FIRE AND CASUALTY COMPANY, AN IOWA CORPORATION; AND RED WILK CONSTRUCTION, INC., A SOUTH DAKOTA CORPORATION;<br><br>Defendants. | 4:14-CV-04131-LLP<br><br>ORDER GRANTING DEFENDANT MORRIS, INC.'S MOTION TO AMEND ITS ANSWER<br><br>DOCKET NO. 231 |

**INTRODUCTION**

This is a Miller Act action (40 U.S.C. § 3133(b)(3)(B)), brought by the United States of America for the use and benefit of Ash Equipment Company, Inc., doing business as American Hydro ("Hydro"). Defendants are the general contractor on the project, Morris, Inc. ("Morris"); the company that issued the payment bond, United Fire and Casualty Company ("UF&CC"); and hydrodemolition subcontractor Red Wilk Construction, Inc. (Red Wilk). Pending before the court is a motion filed by Morris seeking to amend its

answer to Hydro's complaint to assert the affirmative defense of recoupment. See Docket No. 231. This matter is before this court on the consent of all parties pursuant to 28 U.S.C. § 636(c).

## FACTS

Defendant Morris contracted with the United States Army Corps of Engineers ("the Corps") to do work on the Fort Randall Dam spillway at Pickstown, South Dakota, in September, 2013. Morris obtained a Miller Act payment bond on the project from defendant UF&CC in the amount of $7,472,670.25. The payment bond obligated Morris and UF&CC jointly and severally to guarantee payment to any subcontractor of Morris' who furnished labor and materials on the project as well as to persons who had a direct contractual relationship with Morris on the project.

The project plans and specifications of the Corps required concrete removal using hydrodemolition methods. Morris subcontracted this work to Red Wilk in October, 2013. Red Wilk in turn subcontracted with Hydro in April, 2014. Red Wilk promised to pay Hydro for Hydro's work on the project within 10 working days after Morris paid Red Wilk on monthly progress payments.

Hydro began work on the project in May, 2014. It removed its equipment and labor from the project work site on August 25, 2014. Hydro brought suit on August 22, 2014, after Red Wilk allegedly failed to pay for certain claims made by Hydro for completed work on the project. Hydro gave notice to Morris that it had not been paid. In its complaint, Hydro asserts a breach of contract

claim against Red Wilk, an equitable claim in *quantum meruit* against Morris, and claim against the UF&CC bond. Work on the project, including the hydrodemolition work, was not completed at the time Hydro filed suit.

Morris responded to this lawsuit by filing a crossclaim for indemnity against Red Wilk, asserting that Red Wilk must indemnify Morris for any monies Morris must pay to Hydro. Red Wilk asserted a compulsory counterclaim against Hydro, asserting that the prime contract was part and parcel of the contract between Red Wilk and Hydro. Red Wilk further asserted that Hydro did defective and/or incomplete work pursuant to its contract with Red Wilk. Red Wilk alleges it incurred expenses because it had to hire others to complete Hydro's contract and to correct improper work done by Hydro.

The first Rule 16 scheduling order issued by the district court (prior to the parties consenting to this court's handling of this case), established February 6, 2015, as the deadline for the parties to move to join additional parties and to amend their pleadings. See Docket No. 35 at p. 1, ¶ 2. The parties jointly stipulated to an extension of the court's scheduling deadlines on October 12, 2015, and several times thereafter. See, e.g. Docket No. 40. Because all of these motions to extend the scheduling order deadlines were made *after* the deadline for amending pleadings had expired, none of the new scheduling orders included any deadlines for amending pleadings. See e.g. Docket No. 42.

Morris alleges it incurred the damages it seeks to assert in recoupment during a 20-day period in July-August, 2015, a year after Hydro filed suit and

3

five months after the deadline to amend pleadings had passed. Morris' alleged recoupment damages arose from the fact that Hydro abandoned the project before it was completed and Morris had to both hire another party to finish Hydro's work, as well as fix work Hydro did that was not in conformity with the Corps' plans and specifications. Morris notified Hydro in writing in December, 2015, of its intent to assert a claim for recoupment. It provided documents to Hydro containing an explanation of its calculation of Morris' recoupment damages as well as supporting documents. Morris' agent was subject to extensive examination on these documents regarding recoupment at a deposition on May 18, 2016. Morris has provided an expert report to Hydro concerning its recoupment damages and Hydro has provided a rebuttal expert opinion as to that issue.

Morris now moves to amend its answer so as to assert the affirmative defense of recoupment. Hydro objects on the basis that the motion is untimely and that Morris has not demonstrated good cause for missing the deadline. Hydro also asserts it would be futile to allow the amendment because the defense is without merit.

**DISCUSSION**

Three rules are implicated by Morris' motion: FED. R. CIV. P. 8, 15 and 16. Rule 8 requires a party to plead affirmative defenses in its answer. See FED. R. CIV. P. 8(c). The general rule is that failure to plead an affirmative defense results in waiver of that defense. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 714-15 (8th Cir. 2008) (citing First Union Nat'l Bank v. Pictet

4

Overseas Trust Corp., 477 F.3d 616, 622 (8th Cir. 2007)). However, if the defense is raised in such a way that the opposing party is not unfairly surprised, failure to comply with Rule 8(c) does not waive the defense. Id. Here, Rule 8 does not bar Morris from asserting the recoupment defense. The facts giving rise to the defense had not occurred as of the date the pleadings amendment deadline passed. Furthermore, Morris timely notified Hydro of the recoupment defense and Hydro has been able to conduct extensive discovery regarding that issue. The court concludes that Morris did not waive the recoupment defense by failing to assert it in its original answer or by failing to amend its answer prior to the February, 2015, pleadings amendment deadline.

Rule 15 governs amendments of pleadings. See FED. R. CIV. P. 15(a). Under the rule, a party may amend a pleading once as a matter of right within 21 days after serving the pleading. Id. Thereafter, the party may amend only with the written consent of the opposing party or the court's permission. Id. "The court should freely give leave [to amend] when justice so requires." See FED. R. CIV. P. 15(a)(2). Rule 15 also contemplates that pleadings may be amended during trial. See FED. R. CIV. P. 15(b). Even then, leave to amend should be "freely" permitted "when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Id. Even under this generous standard, a court may deny a request to amend for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by [previously allowed] amendments, undue prejudice to the

5

non-moving party, or futility of the amendment." Sherman, 532 F.3d at 715 (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)).

Rule 16 of the Federal Rules of Civil Procedure requires the court to issue a scheduling order. See FED. R. CIV. P. 16(b). The deadlines in a Rule 16 scheduling order can be modified for good cause and with the judge's consent. Id. at (b)(4). Clearly, Morris' motion to amend is untimely. The question, then, is whether there is good cause to allow a de facto amendment of the scheduling order and allow the amendment to Morris' answer.

The settled Eighth Circuit law concerning the interplay between Rules 15 and 16 is that a party who moves to amend a pleading after the expiration of the scheduling order deadline must show "good cause." Sherman, 532 F.3d at 716. Failure of a trial court to apply the Rule 16 "good cause" standard to an untimely motion to amend may be grounds for reversal. Id.

The primary measure of "good cause" is whether the movant acted with diligence in attempting to meet the Rule 16 deadline. Id. Prejudice to the nonmoving party is also a secondary consideration, behind the issue of diligence. Id. In the Sherman case, the defendant's delay from May until the following January in seeking to amend its answer was not diligent and did not demonstrate "good cause." In that case, the affirmative defense preempted the plaintiff's claim and there was nothing in the record indicating the plaintiff had any foreknowledge of the defense, tacit or explicit, prior to the time the defendant moved to amend its answer to assert it. Id.

Here, Morris did not know and could not know of its recoupment damages until July-August 2015, a year after Hydro filed suit and five months after the Rule 16 scheduling order deadline. This is the time when the facts emerged concerning Hydro's partial performance allegedly not complying with the Corps' plans and specifications. The fact that Morris was unable to comply with the February, 2015, deadline for amending is a direct result of Hydro preemptively filing its lawsuit so quickly before the project was completed, even before Hydro's own portion of the overall project was completed. Thus, Morris has good cause for missing the court's February, 2015, deadline to move to amend pleadings.

Morris notified Hydro of its recoupment damages in December, 2015, and Hydro extensively deposed Morris' agent regarding recoupment in May, 2016. It is questionable whether Morris was duly diligent in formally filing its motion to amend in March, 2017, 15 months after it knew of the defense. Nevertheless, Morris notified Hydro of the recoupment issue in December, 2015, just over three months after the facts establishing that issue arose in July-August of the same year. This *was* duly diligent. Furthermore, the parties have been able to fully discover the facts surrounding this issue, including expert opinion concerning recoupment. Therefore, the court concludes that, under these specific facts, Morris has established good cause for extending the scheduling order deadline to allow the amendment.

Hydro asserts it would be futile to allow Morris to assert the defense of recoupment because that defense is inapplicable to Hydro. Hydro asserts there

7

must be contractual privity between parties before recoupment applies. Because Hydro contracted with Red Wilk, not directly with Morris, Hydro asserts there is no privity of contract between Hydro and Morris. There is a split of authority among the circuits as to whether privity of contract is required for a recoupment defense under the Miller Act.

The Ninth Circuit has held that "setoff" is not available under the Miller Act unless there is privity of contract. See United States ex rel Martin Steel Constructors, Inc. v. Avanti Constructors, Inc., 750 F.2d 759, 762 (9th Cir. 1985). The First Circuit disagreed, holding the Miller Act did not require privity of contract before a general contractor could assert recoupment against a subcontractor under the Miller Act. See United Structures of Amer., Inc. v. G.R.G. Eng'g, S.E. and New Hampshire Ins. Co., 9 F.3d 996, 997-98 (1st Cir. 1993).

In reaching its conclusion, the First Circuit distinguished between "setoff" and "recoupment." Id. at 998-1000. Setoff is a "counter-claim demand which defendant holds against plaintiff, arising out of a transaction *extrinsic of plaintiff's cause of action*," while recoupment is "a reduction or rebate by the defendant of part of the plaintiff's claim because of a right in the defendant *arising out of the same transaction.*" Id. at 998. Recoupment ensures that the "judgment to be rendered [ ] does justice in view of the one transaction as a whole." Id. at 999. The First Circuit concluded the Ninth Circuit failed to acknowledge the distinction between setoff and recoupment. Id. at 998-1000. The First Circuit further supported its conclusion by relying on the language of

the Miller Act itself, which stated a plaintiff was entitled to "sums justly due him," *not* "sums due under the contract." Id. at 999. The court concluded that the full contract price was not "justly due" where the subcontractor supplied defective work. Id. The District of Columbia district court agrees with the First Circuit. See United States ex rel. Tennessee Valley Marble Holding Co. v. Grunley Constr., 433 F. Supp. 2d 104, 116 (D.D.C. 2006).

The Eighth Circuit has not addressed this issue. However, a district court within the circuit has agreed with the position set forth by the First Circuit and the District of Columbia district court. See United States ex rel. Butler Supply, Inc. v. Power & Data, LLC, 2014 WL 7271986 at *2 (E.D. Mo. Dec. 18, 2014). In addition, the Eighth Circuit has held in an appeal from this district that "recoupment is a defensive action that operates to diminish the plaintiff's recovery rather than to assert affirmative relief." Rosebud Sioux Tribe v. Val-U Const. Co. of South Dakota, Inc., 50 F.3d 560, 562 (8th Cir. 1995).

This court concludes that the First Circuit and the district courts of the Eastern District of Missouri and the District of Columbia have the more persuasive interpretation of the Miller Act. Morris' claim is for recoupment, not setoff, because it arises out of the same transaction as Hydro's claims. Recoupment is really a defensive action rather than an affirmative claim. Rosebud Sioux Tribe, 50 F.3d at 562. The court finds contractual privity is not required under the Miller Act for recoupment. Accordingly, the court allows

Morris to amend its answer to assert recoupment and finds that such amendment is not futile.

## CONCLUSION AND ORDER

Good cause appearing, it is hereby

ORDERED that Morris' motion to amend its answer [Docket No. 231] is granted. Morris must file its amended answer and serve it on the other parties within 7 (seven) days of the date of this order.

DATED May 12, 2017.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge