UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF ASH EQUIPMENT CO., INC. D/B/A AMERICAN HYDRO; AND ASH EQUIPMENT CO., INC., A MARYLAND CORPORATION;<br><br>Plaintiffs,<br><br>vs.<br><br>MORRIS, INC., A SOUTH DAKOTA CORPORATION; UNITED FIRE AND CASUALTY COMPANY, AN IOWA CORPORATION; AND RED WILK CONSTRUCTION, INC., A SOUTH DAKOTA CORPORATION;<br><br>Defendants. | 4:14-CV-04131-LLP<br><br>ORDER DENYING DEFENDANT MORRIS, INC.'S MOTION *IN LIMINE* CONCERNING MILLER ACT DAMAGES<br><br>DOCKET NO. 235 |

**INTRODUCTION**

This is a Miller Act action (40 U.S.C. § 3133(b)(3)(B)), brought by the United States of America for the use and benefit of Ash Equipment Company, Inc., doing business as American Hydro ("Hydro"). Defendants are the general contractor on the project, Morris, Inc. ("Morris"); the company that issued the payment bond, United Fire and Casualty Company ("UF&CC"); and hydrodemolition subcontractor Red Wilk Construction, Inc. (Red Wilk). Pending before the court is a motion *in limine* filed by Morris seeking to prohibit

Hydro from introducing certain elements of damages at trial on the grounds that such elements of damages are not allowed under the Miller Act. See Docket No. 235. This matter is before this court on the consent of all parties pursuant to 28 U.S.C. § 636(c).

## FACTS

Defendant Morris contracted with the United States Army Corps of Engineers ("the Corps") to do work on the Fort Randall Dam spillway at Pickstown, South Dakota, in September, 2013. Morris obtained a Miller Act payment bond on the project from defendant UF&CC in the amount of $7,472,670.25. The payment bond obligated Morris and UF&CC jointly and severally to guarantee payment to any subcontractor of Morris' who furnished labor and materials on the project as well as to persons who had a direct contractual relationship with Morris on the project.

The project plans and specifications of the Corps required concrete removal using hydrodemolition methods. Morris subcontracted this work to Red Wilk in October, 2013. Red Wilk in turn subcontracted with Hydro in April, 2014. Red Wilk promised to pay Hydro for Hydro's work on the project within 10 working days after Morris paid Red Wilk on monthly progress payments.

Hydro began work on the project in May, 2014. It removed its equipment and labor from the project work site on August 25, 2014. Hydro brought suit on August 22, 2014, after Red Wilk allegedly failed to pay for certain claims made by Hydro for completed work on the project. Hydro gave notice to Morris

that it had not been paid. In its complaint, Hydro asserts a common law breach of contract claim against Red Wilk, an equitable claim in *quantum meruit* against Morris, and a Miller Act claim against the UF&CC bond.

## DISCUSSION

Morris now moves for an order *in limine* prohibiting Hydro from introducing evidence concerning certain damages at trial. Specifically, Morris seeks to prevent the jury from hearing Hydro's evidence as to unpaid unit price work, acceleration, lost productivity, unplanned executive oversight and management, lost profits and overhead, and "indirect equipment." See Docket No. 236. The basis for the motion is Morris' argument that these categories of damages are unavailable under the Miller Act.

Of course, this argument ignores the fact that Hydro has asserted a common law breach of contract claim against Red Wilk and a claim for *quantum meruit* against Morris. Thus, the Miller Act and its restrictions on the types of damages available is not the sole source of determining what evidence as to damages will be relevant at trial. Morris does not address in its motion whether the categories of damages at issue would be recoverable under Hydro's contract claim or *quantum meruit* claim.

Hydro resists Morris' motion on procedural grounds. It argues that Morris' *in limine* motion is really a motion for partial summary judgment as to Hydro's damages. As such, Hydro argues the court should not grant the motion because Morris' allegedly dispositive motion was not timely filed. This procedural argument appears to leave open the possibility that this court

3

would allow the jury to hear improper evidence as to damages solely because Morris did not make its motion in the right form or at the right time. Such is not the case. This court has a duty to correctly instruct the jury as to the law regarding damages allowed under the Miller Act claim, regardless of whether Morris or any other party has made that law a subject of an earlier motion.

Substantively, Hydro merely incorporates by reference its arguments about damages from its reply to its own motion for partial summary judgment. See Docket No. 244 at p.9, incorporating arguments made at Docket No. 216 at pp. 29-32. Inasmuch as that partial summary judgment remains to be decided, this court will defer any substantive decision about allowable Miller Act damages to a future opinion ruling on that partially dispositive motion.

## CONCLUSION AND ORDER

Good cause not appearing, it is hereby

ORDERED that Morris' motion *in limine* as to damages allowed under the Miller Act [Docket No. 235] is denied.

DATED May 15, 2017.

                                            BY THE COURT:

                                            *[signature]*
                                            VERONICA L. DUFFY
                                            United States Magistrate Judge