UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF ASH EQUIPMENT CO., INC. D/B/A AMERICAN HYDRO; AND ASH EQUIPMENT CO., INC., A MARYLAND CORPORATION;<br><br><br>Plaintiffs,<br><br><br>vs.<br><br><br>MORRIS, INC., A SOUTH DAKOTA CORPORATION; UNITED FIRE AND CASUALTY COMPANY, AN IOWA CORPORATION; AND RED WILK CONSTRUCTION, INC., A SOUTH DAKOTA CORPORATION;<br><br><br>Defendants. | 4:14-CV-04131-VLD<br><br><br><br>ORDER DENYING MOTION TO EXCLUDE BY DEFENDANT RED WILK CONSTRUCTION, INC.<br><br><br>DOCKET NO. 149 |

This matter is pending before the court on a complaint by plaintiffs Ash

Equipment Co, Inc. d/b/a American Hydro and Ash Equipment Co., Inc.

(hereinafter "Hydro"), arising out of a construction project on the Fort Randall

Dam spillway at Pickstown, South Dakota. See Docket No. 1. Hydro was a

second tier subcontractor which had a contract for hydrodemolition on the

project with first-tier subcontractor Red Wilk Construction, Inc. (hereinafter

"Red Wilk").  Red Wilk in turn had a subcontract with Morris, Inc., the general

contractor on the project.  Morris had the prime contract with the United

States Army Corps of Engineers (hereinafter "the Corps") for the entire project.

Much of the project included demolition and removal of damaged concrete and

its replacement with fresh concrete.  This matter is before this magistrate judge

on the consent of the parties pursuant to 28 U.S.C. § 636(c).

For further factual development, the court hereby incorporates by

reference this court's order granting in part and denying in part partial

summary judgment motions by all three parties, which order is filed this same

day.  Suffice it to say, there are a multitude of factual, technical, and highly

detailed issues which will be presented to the jury for decision in this case.

The case revolves around the process of demolishing defective concrete through

the use of hydrodemolition processes.

The subject of this order is a motion filed by Red Wilk seeking to exclude

any reference to or reliance on the International Concrete Repair Institute,

Inc.'s (ICRI) guide references or guidelines.  See Docket No. 149.  Two of the

ICRI standards are incorporated into the Corps' plans and specifications.

Three of Hydro's experts (Winkler, Edelman and Duntemann) have rendered

opinions which make reference to ICRI standards.  No motions pursuant to

Daubert[1] or any other legal bases have been made by Red Wilk or Morris to

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  The
Daubert decision dealt with admissibility of expert opinion under FED. R.
EVID. 702.

exclude the expert testimony of these three expert witnesses hired by Hydro. Red Wilk argues that because Hydro's claims sound in contract, not in negligence, the ICRI standards are irrelevant. Red Wilk also argues that the standards *may* not be reliable.

Hydro resists the motion. It argues the ICRI standards are relevant to an understanding of the contract between Hydro and Red Wilk and that the standards are reliable. Furthermore, Hydro characterizes Red Wilk's motion as an improper "back-door" Daubert motion.

In City of Bridgewater v. Morris, Inc., 1999 S.D. 64, 594 N.W.2d 712, 714, the city of Bridgewater hired an engineering firm to prepare plans and specifications for a construction project to replace portions of the city's water distribution system. The city hired Morris to construct the system. Id. Upon completion of the system, the city discovered that the water lines in many areas of the system had been buried less than six feet below ground level. Id. It sued both the engineering firm and Morris for breach of contract, which was tried to a jury. Id. The jury found in favor of the city against both defendants. Id.

On appeal, Morris argued the contract itself did not specify that the water lines were to be buried six feet deep and that the parties could only have modified the contract in writing. Id. at 715. Among other evidence, the city was allowed to present evidence at trial that the prevailing industry standard was to bury water lines six feet deep. Id. The trial court had instructed the jury that they could consider customs of the trade or industry standards to be

part of the construction contract unless excluded by the terms of the contract. Id. at n.1.  If the jury found the contract terms were inconsistent with industry standards, the court instructed the jury to follow the contract terms.  Id.  The South Dakota Supreme Court held the trial court did not err in its admission of evidence nor in its jury instructions.  Id. at 715.

The Bridgewater case is directly on point here.  Admission of evidence is a procedural issue which, in federal court is governed by the Federal Rules of Evidence.  Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).  But here the issue is really substantive, not procedural:  are industry standards considered part of a construction contract?  The Bridgewater decision answers this question in the affirmative, to the extent the industry standards do not conflict with a contract provision.  City of Bridgewater, 594 N.W.2d at 715, 715 n.1.  Red Wilk never sets forth any contract provision it believes conflicts with the ICRI standards. Under Bridgewater, the ICRI standards are admissible and may be considered by the jury at trial to the extent they do not conflict with any contract provision.

Accordingly, it is hereby

ORDERED that Red Wilk's Motion to Exclude [Docket No. 149] is denied.

DATED August 8, 2017.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge